JOSEPH BURAVSKI, ADMINISTRATOR (ESTATE OF SHIRLEY BURAVSKI) *v.* RALPH DIMEOLA

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued November 2—decided December 14, 1954

*Stanley A. Jacobs,* with whom were *Howard A. Jacobs* and, on the brief, *Israel J. Jacobs,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, was *Clarence A. Hadden,* for the appellee (defendant).

INGLIS, C. J. In this action for wrongful death the defendant had a verdict. From the judgment rendered thereon the plaintiff has appealed, assigning as the only grounds of error certain rulings on evidence.

The plaintiff, administrator of the estate of his wife, Shirley Buravski, claimed to have proved the following facts: During the night of December 27, 1950, Mrs. Buravski, hereinafter referred to as the decedent, occupied for hire a cabin at Homeacres Cabins, owned and controlled by the defendant and located in Milford. The cabin was provided with an oil burning heater vented to the outside air. In the bathroom there was stored a portable gas heater with a rubber hose attachment. In the main room there was a gas valve with a petcock which could be easily

opened by hand. There was no provision for venting the gas heater to the out-of-doors. On the morning of December 28 the defendant entered the cabin and found the oil burner lighted and the unlighted gas heater connected with the open petcock, with gas escaping. The decedent was lying on the bed in the cabin. She was dead at the time, having been asphyxiated by carbon monoxide in the gas which had escaped from the gas heater. The plaintiff's claim was that the death was caused by the negligence of the defendant in leaving the gas heater available for operation by his guests without warning them against its use because it had no vent.

The first ruling assigned as error was the exclusion from evidence of an excerpt from the building code of the town of Milford offered by the plaintiff. The excerpt provided that no space heater designed to burn gas should be installed unless it was constructed as a vented heater. In making the offer, counsel for the plaintiff stated that he did not claim that the defendant had violated the code or that he was negligent as a matter of law by reason of the violation of an ordinance, since he had not installed the gas heater. He claimed simply that the existence of the ordinance put the defendant on notice of the dangerous character of the heater which he had stored in the cabin. There was no evidence that the defendant had actual notice that the ordinance was in existence. The question raised by this assignment of error, therefore, is whether the mere existence of an ordinance prohibiting the installation of a heater such as the one in question put the defendant on notice that it was negligence for him to make such a heater available for use by the decedent.

It is, of course, the rule that when a person violates a statute or an ordinance enacted for the pro-

tection of the public, he is guilty of negligence as a matter of law. *Gonchar* v. *Kelson,* 114 Conn. 262, 264, 158 A. 545. This rule applies even though the person is ignorant of the existence of the statute or ordinance. He is chargeable with knowledge on the theory that ignorance of the law excuses no one. *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 100, 192 A. 564; 31 C.J.S. 759, § 132(b)(1). Where no violation of a statute or an ordinance is claimed, the situation is different. The person accused merely of common-law negligence is not in a position where he has to attempt to excuse the violation of a statute or an ordinance. Accordingly, the same reason for charging him with notice of the existence of the statute or ordinance does not obtain. We need not pass upon the question whether, in the present case, actual knowledge of the existence of the ordinance on the part of the defendant would have been a fact relevant to the question of his common-law negligence. See 2 Wigmore, Evidence (3d Ed.) p. 500, § 461(6). He had no such knowledge and, inasmuch as knowledge of the existence or content of the ordinance should not be imputed to him, clearly the ordinance was not admissible in evidence. The court did not err in excluding it.

An expert witness for the plaintiff testified that the use of the gas heater without a vent in the cabin which had been occupied by the plaintiff was dangerous. On cross-examination, the court allowed a question whether the use of a gas heater under those circumstances is so unsafe that people generally ought to know it. His answer was in the affirmative. The sole ground of the plaintiff's objection to the question was that it was "the ultimate question for the jury in this case." That ground was not well taken. The ultimate question for the jury, to which

this testimony was related, was whether the plaintiff herself had been negligent. It was claimed by the defendant that it was the plaintiff who had put the gas heater into use. That the danger involved in doing so was a matter of common knowledge was a fact relevant to the resolution of that ultimate question. It was, therefore, a fact which the defendant had the right to introduce in evidence. Moreover, the question objected to was propounded on cross-examination. It was legitimate cross-examination to be allowed in the discretion of the court as a test of the validity of the expert's testimony on direct. *Fahey* v. *Clark,* 125 Conn. 44, 46, 3 A.2d 313; *Petrelli* v. *New Haven,* 116 Conn. 144, 147, 163 A. 759.

A third assignment of error is directed at the ruling admitting in evidence as exhibits certain catalogues showing that unvented gas heaters similar to the one involved in this case were customarily offered for sale. This evidence tended to prove that persons other than the defendant customarily had such heaters in their possession. It was, therefore, relevant to contradict the plaintiff's claim that the very possession of the heater was negligence. *Eamiello* v. *Piscitelli,* 133 Conn. 360, 366, 51 A.2d 912. The exhibits were properly admitted.

The only other claim of error pressed by the plaintiff was the admission of a statement made by him before he was appointed administrator to the effect that the decedent was a "hard drinker." The statement was offered solely for its bearing on the question of damages. In admitting it the court remarked that it should caution the jury when the statement was read to them that it was offered solely on the issue of damages, and presumably that caution was given. Inasmuch as the jury rendered their verdict for the defendant, any possible error in admitting

evidence relating to damages would be harmless. *Borucki* v. *MacKenzie Bros. Co.*, 125 Conn. 92, 103, 3 A.2d 224.

There is no error.

In this opinion the other judges concurred.