474 P.2d 34

John D. HIDALGO et al., Appellants,

v.

COCHISE COUNTY, a body corporate and politic, Appellee.

No 2 CA–CIV 673.

Court of Appeals of Arizona, Division 2.

Sept. 8, 1970.

Rehearing Denied Oct. 6, 1970.

Review Denied Dec. 1, 1970.

Hillock & Richards, by M. L. Hillock, Tucson, for appellants.

Gentry, McNulty, Toci & Borowiec, by Thos. A. Thode, Bisbee, for appellee.

HOWARD, Chief Judge.

Plaintiffs, John D. Hidalgo and Richard B. Fraker, II sued both Cochise County and Mr. and Mrs. Clifford Witt for personal injuries sustained in a two-vehicle collision at an intersection. Defendants Witt and Cochise County consolidated their two cases but before trial plaintiffs settled their claims against the Witts and those proceedings were dismissed. After a jury verdict in favor of Cochise County, judgment was so entered. Plaintiffs' motions for a new trial were denied. Plaintiffs now appeal from the judgment and the denial of their motions for a new trial.

Plaintiffs John D. Hidalgo and Richard Fraker were injured October 3, 1965, near Willcox, Arizona, when a Model A pickup truck in which they were riding was struck by a car driven by one Clifford Witt. The Witt car was southbound on Fort Grant Road. The vehicle driven by Fraker was attempting to cross Fort Grant Road in an easterly direction from a point where a gravel or dirt road intersects with it. Plaintiff, John Hidalgo, was riding in the rear of the vehicle. Plaintiff, Richard Fraker, was driving and his brother, Shaddo Fraker, was riding in the right front seat. The vehicle in which the plaintiffs were riding approached the intersection whereupon Hidalgo stood up in the back of the truck to look for approaching traffic. The driver also looked but saw nothing. The pickup proceeded into the intersection where it was hit by the Witt car. Hidalgo and the driver Richard Fraker sustained in-

juries. The plaintiffs claim that their vision of the intersection was obscured by Johnson grass growing in a ditch along the roadway.

An individual consideration of each of plaintiffs' assignments of error is unnecessary because the defendant Cochise County may simply not be held liable. Plaintiffs allege defendant is liable for not maintaining its rights-of-way. The gist of this allegation is that defendant failed to alleviate a defect in the highway by removing the weeds. (The ditch was part of the right-of-way.)

■ The rule is that in the absence of a statute a highway authority is not liable for personal injuries because it has allowed the view of an intersection to be obscured by high grass, weeds or bushes which have grown up in a portion of the street or along its boundary. Owens v. Town of Booneville, 206 Miss. 345, 40 So.2d 158 (1949); Barton v. King County, 18 Wash.2d 573, 139 P.2d 1019 (1943); Blashfield, Automobile Law and Practice, § 163.13; 39 Am.Jur.2d, Highways, § 462; see also annotation in 42 A.L.R.2d 817.

To rule otherwise would be to hold, literally, that hundreds of county road intersections are inherently dangerous and to impose an imponderable responsibility upon the counties.

As statutory authority, plaintiffs claim the trial court erred in failing to instruct the jury that the defendant violated A.R.S. § 13–1015, entitled "Shipping, Selling or Permitting Growing of Noxious Weeds * * *", and was therefore, negligent per se. The applicable portion of this statute is as follows:

"It is a misdemeanor for:

\* \* \* \* \* \*

3. A person possessing, leasing, controlling or operating irrigation canals, ditches, laterals, aqueducts or any part thereof, to permit the weeds mentioned in paragraph 1 of this section to grow or mature their seed in or along any such places * * *."

Johnson grass is one of the weeds specifically mentioned in the statute.

■ Although it is true that violation of a statute may constitute negligence per se, Brand v. J. H. Rose Trucking Co., 102 Ariz. 201, 427 P.2d 519 (1967), it is also the rule that the plaintiffs must demonstrate that they are the class of persons whom the statute was designed to protect. Thus, violation of a statute is not negligence unless it invades their interest. W. Prosser, Law of Torts, 193 (3d ed.); Restatement (second) of Torts § 286, comment h at 28; Nunneley v. Edgar Hotel, 36 Cal.2d 493, 225 P.2d 497 (1950).

■ The statute in question was enacted in 1913 to protect farming and ranching areas from the infestation of noxious weeds. It was not enacted to protect travelers on the highways.

The trial court did not err in refusing to give the requested instructions.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.