480 P.2d 361

Kathy Ann **HALL**, a minor, by Lois E. Hall,
her mother and next best friend,
Appellant,

v.

Mildred **MERTZ**, a widow, Appellee.

No. 2 CA–CIV 874.

Court of Appeals of Arizona,
Division 2.

Feb. 4, 1971.

Rehearing Denied March 2, 1971.

Review Denied March 23, 1971.

Miller, Pitt & Feldman by Stanley G. Feldman, Tucson, for appellant.

Lesher & Scruggs, P. C. by John A. Wasley, Tucson, for appellee.

HOWARD, Judge.

The plaintiff, a nine year old girl at the time of the accident, was injured when her bicycle collided with a car at a "blind intersection" in a residential district of Tucson, Arizona.

Plaintiff brought an action for damages against the City of Tucson, the driver of the automobile, and the owner of the property on which the obstruction was located.

The case was tried to the court. After the plaintiff rested, the court granted the owner's motion for involuntary dismissal, dismissing the action which the plaintiff had asserted against the property owner. Pursuant to Rule 41(b), Arizona Rules of Civil Procedure, 16 A.R.S., the court made findings of fact and conclusions of law stating the reasons for dismissal as being:

"(B) A landowner under the holding of Rodgers v. Ray [10 Ariz.App. 119, 457 P.2d 281], supra, cannot be held legally liable for injuries to persons occurring on streets adjacent to his property even if caused by a structure created or maintained by him on his property and even if such structure or planting obstructed the vision of the persons using a public street or highway."

The court further complied with Rule 54(b), Rules of Civil Procedure in that it directed entry of judgment on all of the claims.

Appellant attacks the action of the trial court by asking this court to overrule its decision in the case of Rodgers v. Ray, 10 Ariz.App. 119, 457 P.2d 281 (1969), and further contends that the court erred since the facts in the case sub judice showed that the landowner, Mildred Mertz, is guilty of negligence per se.

█ Although we decline to overrule our decision in Rodgers v. Ray, supra, we do agree with the contention of the appellant as to negligence per se.

There existed at the time of the accident and exists now, § 23–115, Tucson Code, which provides as follows:

"Unless hereinafter excepted, in any district on any corner lot, no fence, structure, object, or planting, shall be erected or maintained within an area hereinafter designated at a corner *so as to interfere with traffic visibility across the corner*, except buildings as permitted in this chapter:

Sec. 23–115(1). That area lying within the two street property lines and a straight line connecting two points on the said lines twenty feet distant from their corner point of intersection.

Sec. 23–115(2). When the corner is described with a radius, the area lying within the two street property lines projected to a point and a straight line connecting two points on the said lines twenty feet distant from their projected point of intersection, or a straight line connecting the tangent points (which is that point where the radial curve intersects the property line), whichever is the greater. (1953 Code, Ch. 21, § 4; Ord. No. 2463, § 1, 5–6–63)." (Emphasis added).

The evidence indicates that the accident occurred in October of 1968, on a weekday at about 4:00 or 4:30 in the afternoon. The scene of the accident was the intersection of Bellevue, an east-west street, and Van Buren, a north-south street, located within the city limits of the City of Tucson. The driver involved in the accident was Elizabeth Schultz. Immediately prior to the accident she had been driving her car north on Van Buren Street. The plaintiff had been riding her bicycle in a westerly direction on Bellevue. Appellee, Mildred Mertz, was the owner of the property on the southeast corner of the intersection. The exhibits introduced in evidence show an oleander hedge of such height and density that view of the intersection is completely obstructed.[1] Both the plaintiff and Miss Schultz testified that the oleander hedge obstructed their vision of the intersection. By the time the plaintiff and Schultz saw each other, it was too late, and the Schultz automobile struck the plaintiff.

Monte Dukeman Montgomery, the son-in-law of the appellee, Mertz, testified that he was the former owner of the property and that Mertz was now the owner and had been since 1961 or 1962.

Mr. Montgomery "managed" the property for the appellee, seeing that it was kept rented, looking for tenants, making agree-

---

1. Counsel stipulated that the hedge violated the ordinance.

ments with them, collecting the rent, making sure that the tenant took care of the property, etc. The oleander hedge in question was planted by Mr. Montgomery when he owned the property in 1956. At the time of the accident the property was rented. The appellee paid the water bill herself, to make sure that the tenants did not skimp on water for the plants.

Mr. Montgomery testified that he used to travel by the property on the way to the grocery store on the average of once a week over a period of several years preceding the accident, his purpose being to make sure that everything was being taken care of in the proper manner.

It is the law in this State that whenever a valid statute or regulation provides that a certain thing must or must not be done, if a failure to comply with such regulation is a proximate cause of injury to another, such failure is actual negligence per se. Muhammad v. United States, 366 F.2d 298 (9th Cir. 1966), (certiorari denied 386 U.S. 959, 87 S.Ct. 1029, 18 L.Ed.2d 108, (1967); Shafer v. Mountain States Tel. & Tel. Company, 335 F.2d 932 (9th Cir., 1964); Konow v. Southern Pacific Company, 105 Ariz. 386, 465 P.2d 366 (1970); Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968); Brand v. J. H. Rose Trucking Company, 102 Ariz. 201, 427 P.2d 519 (1967); Rogers v. Mountain States Tel. & Tel. Company, 100 Ariz. 154, 412 P.2d 272 (1966); J. H. Welch & Son Contracting Company v. Gardner, 96 Ariz. 95, 392 P.2d 567 (1964); Dobbertin v. Johnson, 95 Ariz. 356, 390 P.2d 849 (1964); Deering v. Carter, 92 Ariz. 329, 376 P.2d 857 (1962); Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962); Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962); Campbell v. Brinson, 89 Ariz. 197, 360 P.2d 211 (1961); Mercer v. Vinson, 85 Ariz. 280, 336 P.2d 854 (1959); Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958); Anderson v. Morgan, 73 Ariz. 344, 241 P.2d 786 (1952); Valley Transportation System v. Reinartz, 67 Ariz. 380, 197 P.2d 269 (1948); City of Phoenix v. Mullen, 65 Ariz. 83, 174 P.2d 422 (1946); Collier v. Stamatis, 63 Ariz. 285, 162 P.2d 125 (1945); Cobb v. Salt River Valley Water Users' Association, 57 Ariz. 451, 114 P.2d 904 (1941); Pratt & Moore v. Daly, 55 Ariz. 535, 104 P.2d 147 (1940); Hidalgo v. Cochise County, 13 Ariz.App. 27, 474 P.2d 34 (1970); Worthington v. Funk, 7 Ariz. App. 595, 442 P.2d 153 (1968); Christy v. Baker, 7 Ariz.App. 354, 439 P.2d 517 (1968); Beaty v. Jenkins, 3 Ariz.App. 375, 414 P.2d 763 (1966); 130 A.L.R. 341.

■ The foregoing rule applies to city ordinances as well as to statutes enacted by the state legislature. Finnegan v. Royal Realty Company, 35 Cal.2d 409, 416, 218 P.2d 17 (1950); Stanford v. Bailey, Inc., 132 Cal.App.2d 725, 282 P.2d 992 (1955); 65 C.J.S. Negligence § 19(1) at 618.

Before a violation of statute constitutes actionable negligence, the violation of the statute or ordinance must, of course, be a proximate cause of the injury to another. City of Phoenix v. Mullen, supra; Valley Transportation System v. Reinartz, supra; Collier v. Stamatis, supra; Young Candy & Tobacco Company v. Montoya, supra. A further requirement is that the plaintiff must demonstrate that she is within a class of persons whom the statute or ordinance was designed to protect. Hidalgo v. Cochise County, supra. Nor is it necessary that there exist a right of action for the alleged negligent act at common law before the rule applies. This contention was made in Osborne v. McMasters, 40 Minn. 103, 41 N.W. 543 (1889).

Barring an affirmative defense, the violating party is liable if his negligence in violating the statute contributed proximately to the cause of the accident. J. H. Welch & Son Contracting Company v. Gardner, supra.

■ The first question which we must answer is whether or not the ordinance was intended to prevent the type of harm which in fact has occurred as a result of that violation. Muhammad v. United States, supra.

We first note that the ordinance in question by virtue of § 23–70, imposes crimi-

nal sanctions for violation of § 23–115 Tucson Code. We further note that the statute prevents plantings at a corner "so as to interfere with traffic visibility across the corner." We believe it to be a legitimate inference from the language used by the city council that the purpose of the ordinance was to prevent accidents at intersections, and specifically, the type of accident which occurred in this case.

The next question that arises is whether or not the plaintiff was among the class of persons this ordinance intended to protect. Appellee claims that the ordinance was enacted for the benefit of the municipality and not for any particular individual. In support of this contention, the appellee relies on those cases which hold that ordinances and statutes requiring householders to keep sidewalks in repair or to remove snow and ice from them are considered to be intended only for the benefit of the municipality and not for any individual and therefore, do not give any right to private causes of action. These cases are collected and set forth in Prosser on Torts (3rd Ed.) at 194, but are clearly not in point. Vissman v. Koby, 309 S.W. 2d 345 (Ky.1958), is representative of this group of cases and sets forth the rationale for denying that violations of the ordinances in the sidewalk cases constitute negligence per se. Vissman v. Koby, supra, and the cases which appellee cites state that it is the duty of the municipality to keep its streets in repair and that "' * * * If a municipality could, by placing the liability upon the abutting property owner, relieve itself from the duty of keeping its streets in repair it would have the effect of relaxing its care and supervision of them. The responsibility would be divided, to the detriment of the public service. If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so *is one that he owes to the city*, and not to the individual. It does not impose

any duty the breach of which would render him liable to the traveler.'" (Emphasis added.)

The cases cited by the appellee simply do not apply to any of the facts in this case. There is no obligation on the part of the city to trim the hedges on the land of property owners adjoining the city streets in order to provide unimpeded view of intersections.[2] The landowner by trimming his hedge in accordance with § 23–115, Tucson Code, is not discharging any duty which the City of Tucson owes to the traveling public.

Appellee next attacks the ordinance of the City of Tucson on the grounds that it is an unconstitutional deprivation of property without due process, citing Williams v. City of Hudson, 219 Wis. 119, 262 N.W. 607 (1935), and further alleges that the ordinance is unreasonable and void citing Miami v. Vining, 6 Fla.Supp. 172 (1955). The cases cited by appellee are not in point. We believe the city ordinance constitutes a valid exercise of the police power to promote the health, welfare and safety of its citizens. If the legislation enacted pursuant to the police power bears some reasonable relation to the objects sought to be achieved the court will not substitute its judgment for that of the legislative body. Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (filed January 15, 1971); McKinley v. Reilly, 96 Ariz. 176, 393 P.2d 268 (1964). The ordinance is reasonably and legitimately designed to cure the evil against which it is directed, to-wit, traffic accidents at blind intersections. See 101 C.J.S. Zoning § 15 at 701 et seq.

The appellee asserts that even if violation of the ordinance constitutes negligence per se, she is excused from liability because she did not know of the existence of the ordinance nor of the fact that the hedge violated it and because she was not in possession having orally leased the property to another.[3] We note that the court

---

2. Cf. Hidalgo v. Cochise County, supra.

3. Generally on the issue of "excused violations" see Prosser on Torts § 34 (2d

below decided the case on the narrow issue of "duty." The issue of excused violations has not yet been ruled on by the trial court.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

KRUCKER, C. J., and HATHAWAY, J., concur.

Ed.) at 158–161. As to ignorance of the existence of the ordinance see Elm v. McKee, 139 Cal.App.2d 353, 293 P.2d 827 (1956); Buravski v. DiMeola, 141 Conn. 726, 109 A.2d 867 (1954). On the question of ignorance of the operative facts see Nevis v. Pacific Gas & Electric Co., 43 Cal.2d 626, 275 P.2d 761 (1954); Restatement of Torts § 288A, comment in clause (b), at 35. But see also the duty to use reasonable care to ascertain the operative facts, Alarid v. Vanier, 50 Cal.2d 617, 327 P.2d 897 (1958).