617 P.2d 1169

Francis E. JACKSON, and Curtis E. Manke, Individually and as Personal Representatives of the Estates of Hilbert Manke and Kathleen Manke, Deceased; Curtis E. Manke and Richard L. Manke, Individually and as Personal Representatives of the Estates of Edwin F. Manke and Ruth Manke, Deceased; Francis John Manke and Jane Doe Manke, husband and wife; Karen A. Davis; Kathleen A. Manke Withers; Margaret R. Manke Kais, Plaintiffs–Appellants,

v.

CITY OF SCOTTSDALE, Arizona, a Municipal Corporation, and City of Phoenix, Arizona, a Municipal Corporation, Defendants–Appellees.

No. 1 CA–CIV 4619.

Court of Appeals of Arizona,
Division 1.

Aug. 21, 1980.

Rehearing Denied Sept. 17, 1980.

Review Denied Oct. 7, 1980.

McCord & Howe, Scottsdale, by Warren S. McCord, for plaintiffs–appellants.

Sorenson, Moore & Benham, and John S. Schaper, Phoenix, for City of Scottsdale.

Jones, Teilborg, Sanders, Haga & Parks, P. C. by Robert J. Bruno, Phoenix, for City of Phoenix.

FROEB, Presiding Judge.

The appeal in this case arises out of an automobile accident on February 23, 1975, in the City of Scottsdale, Arizona, which resulted in the death of appellants' decedents and the injury of another appellant (referred to collectively as appellants). The resulting tort and wrongful death action included, as defendants, the cities of Scottsdale and Phoenix, appellees here, as well as the driver of the other vehicle. Motions for partial summary judgment and summary judgment were granted respectively to appellees the City of Scottsdale (Scottsdale) and the City of Phoenix (Phoenix), pursuant to 16 A.R.S. Rules of Civil Procedure, rules 56 and 54(b).

The facts are not in issue. In the early evening of the date of the accident, appellants were traveling northbound on Pima Road in Scottsdale, Arizona. While proceeding through the intersection of Pima Road and Indian School Road on a green light, they were struck broadside by a vehicle traveling eastbound on Indian School Road at high speed which had failed to stop for the red light signal.

Prior to the accident, a six foot high block wall had been built on the southwest corner of the intersection of Pima and Indian School Roads to conceal a well site and pump providing water for Phoenix. For purposes of this appeal, appellees do not dispute that this wall may have been within the right–of–way line of either Pima or Indian School Road. Nor do they dispute that certain Scottsdale ordinances in effect on the date of the accident prohibited the construction of any "encroachment" which would interfere with the normal use of a public right–of–way or which would "impair adequate sight distance for safe . . . vehicular traffic."[1]

Appellants first argue that these ordinances impose a duty on appellees not to obstruct vision which was breached when appellees erected the wall earlier described. Their argument is that a breach of the ordinances is negligence *per se*. They further contend that the erection of the wall was the cause of the accident since, if the wall had not been there, appellants would have seen the other approaching vehicle and avoided collision. For the reasons set forth, we reject both arguments and affirm the judgment of the trial court.

In order for appellants to prevail in their argument as to a duty imposed by the ordinances, it must be shown that they were within the class of persons intended to be protected by the ordinances. *Restatement (Second) of Torts* §§ 286, 288 (1965). *See Hildalgo v. Cochise County*, 13 Ariz. App. 27, 474 P.2d 34 (1970). The protection claimed under the ordinance is an unobstructed view of the eastbound road leading to the intersection. The intersection in this

---

1. These ordinances are referred to in detail by appellants. Chapter 2 of title 11, entitled "Right–of–Way–Encroachments", defined "encroach," in pertinent part, as:

   going over, upon or under or using any right of way . . . in such a manner as to prevent, obstruct or interfere with its normal use, including but not limited to the performance of any of the following acts . . . .

   .     .     .     .     .

   b. Erecting or maintaining any . . . fence, . . . wall, . . . or other structure on, over or under the surface . . . . Scottsdale City Code § 11-201(2).

   § 11–201(5) defined "right-of-way" as: "land which by deed, conveyance, agreement, easement, dedication, usage or process of law is reserved for or dedicated to the general public for street, highway, alley, public utility or pedestrian walkway purposes."

   Appellants also refer us to two other ordinances in effect on the date of the accident. § 11-211 provides that no wall may be constructed that will endanger the normal use of a right-of-way unless an encroachment permit is first obtained, and § 11-232(B), which reads:
   "Hedges, fences, lawns or shrubbery; planting or erection"
   B. No hedge, shrub or other planting, fence or similar structure shall be maintained across any existing walkway area or shoulder. The intent of this restriction is to keep free a walkway for pedestrians or other lawful public travel without interference by or with vehicular travel. No encroachment of any nature shall be permitted or maintained which impedes, obstructs, or denies such pedestrian or other lawful traffic within the limits of the right–of way of a public street, or which impairs adequate sight distance for safe pedestrian or vehicular traffic. . . .

case, however, is one in which traffic is controlled by a signal light. At such an intersection, the safe movement of traffic is governed by state statutes requiring motorists to abide by the signal.[2] Consequently, as to signal–controlled intersections, the ordinances do not create a duty in favor of a motorist to maintain an unobstructed view. In this regard, it is necessary to read together the state statutes and the city ordinances. We presume that the city ordinances were enacted with the intention that they supplement state regulation of vehicular traffic. Since motorists approaching the intersection must proceed in reliance upon the traffic signal, the presence or absence of an unobstructed view of the approaches to the intersection is legally irrelevant. Were this not the case, many intersections in an urbanized area would offend the unobstructed view requirement of the ordinances and place an unwarranted duty upon adjacent owners as well as municipalities. For these reasons, we reject appellants' argument that a legal duty was owed to them by appellees by virtue of the ordinances.

Appellants next argue that appellees had a common law duty apart from the ordinances to refrain from building the wall, since to wall created a traffic hazard by obstructing the view of the intersection. We disagree. A municipality has no common law duty to maintain unobstructed visibility at an intersection. *Slavin v. City of Tucson*, 17 Ariz.App. 16, 495 P.2d 141 (1972). Furthermore, even if appellees owed a duty to appellants not to locate the block wall where they did, the uncontroverted evidence fails to show that the accident was proximately caused by this obstruction to vision. As appellees point out, there is no evidence that the driver of the car in which appellants were riding ever attempted to look to his left in order to see if another car was approaching the intersection from a different direction.

Appellants argue that the deposition of an accident reconstructionist, Lowell Hicks, created a genuine issue of material fact (16 A.R.S. Rules of Civil Procedure, rule 56(c)). However, in light of our determination that appellants have failed to show the necessary duty owed, as well as proximate cause, we need not consider further the opinions of the accident reconstructionist which purport to relate the accident to the obstruction to vision.

Affirmed.

WREN and HAIRE, JJ., concur.