691 P.2d 1104

**James M. COBURN and Karen Coburn husband and wife, Plaintiffs/Appellants,**

v.

**The CITY OF TUCSON, a body politic, Defendant/Appellee.**

**No. 2 CA–CIV 5018.**

Court of Appeals of Arizona, Division 2.

May 15, 1984.

John R. Moffitt, Tucson, for plaintiffs/appellants.

Kimble, Gothreau, Nelson & Cannon, P.C. by Michael J. Gothreau and Stephen Kimble, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Chief Judge.

The plaintiffs/appellants commenced this action in the superior court for the wrongful death of their seven-year-old son Christopher. The trial court entered a summary judgment on the motion of the defendant/appellee, the City of Tucson. This appeal followed.

Christopher was killed while riding his bicycle on a city street. He was struck by a motor vehicle when he went through a stop sign at a T intersection. The accident occurred in the northwest quadrant of the intersection so Christopher was traveling east in the westbound lane.

The appellants contend the city was negligent because of the existence of a large bush at one corner of the intersection on the city property which would have obscured their son's vision of on-coming traffic or obscured the view of the driver of the motor vehicle. They also contend that the existence of sand on the street where Christopher was riding would have made it more difficult to stop in obedience to the sign.

In this appeal the appellants contend that the trial court erred when it granted summary judgment. We affirm.

In addition to the facts we have already mentioned, the record before the trial court showed that the accident occurred during daylight hours on August 17, 1982. The decedent was going east on Mormon Drive toward its intersection with Camino Seco, the through street. There was a stop sign on the southwest corner of that T intersection requiring traffic on Mormon Drive to stop (and yield) to vehicular traffic on Camino Seco. The bush was on the northwest corner of the intersection, not in the traveled way. It was approximately 6 feet high and 8 feet wide. The bush was west of the stop sign on the southwest corner of Mormon Drive so it would not have obstructed the visibility of Camino Seco for a driver properly stopped at the sign. At the same relative time, Keith Markham was driving his automobile south on Camino Seco. As Christopher reached the intersection on his bicycle, he rode out in front of Markham's car and the accident occurred.

Evidence also showed that there was an accumulation of sand on Mormon Drive on the traveled way near the intersection and west of the stop sign. Mormon Drive was an improved blacktop surfaced street. The record does not show how long the sand had been there. Nor does it show how the sand got there. Although the evidence shows brake skidmarks from the Markham vehicle, no evidence shows that Christopher tried to stop.

The appellants contend that the city had a duty not to allow the bush to obstruct vision at the intersection or to warn of the

dangerous condition created by the presence of the bush. They argue this is particularly true of this intersection since it is in a residential neighborhood frequented by children.

◼ The appellants correctly state well established Arizona law to the effect that the city has a duty to keep its streets reasonably safe for travel, *Lowman v. City of Mesa*, 125 Ariz. 590, 611 P.2d 943 (App.1980), that this duty extends to removing obstructions and hazards, *Beach v. City of Phoenix*, 136 Ariz. 601, 667 P.2d 1316 (1983) and that the city must give warning of known dangerous conditions on the streets, *Ofstedahl v. City of Phoenix*, 129 Ariz. 85, 628 P.2d 968 (App.1981). However, none of these cases present facts such as in the instant case where the intersection is controlled by a stop sign and where the duty alleged is to maintain unobstructed vision. The appellants also point to an ordinance of the city, section 25–53 of the City Code which provides:

"**Sec. 25–53. Trees, bushes, plants extending over streets, sidewalks—Prohibited.**

It shall be unlawful for the owner, occupant or agent in charge of any lot, piece or parcel of land within the corporate limits of the city to permit any tree, bush or plant of any kind upon such property or upon the street or alley adjoining the same to extend over or under the sidewalk space or roadway in such street or alley in such a manner as to interfere with the reasonable use of such street or alley for pedestrian or vehicular traffic of any kind, and it shall be the duty of every such owner, occupant or agent in charge to keep such trees, bushes or plants trimmed in such a manner that the same will not interfere with the reasonable use of such street or alley for pedestrian or vehicle traffic."

The next section, 25–54, further provides:

"**Sec. 25–54. Same—Duty to trim.**

The owner, occupant or agent in charge of any such lot, piece or parcel of land described in the preceding section, shall, within five days after receipt of a written notice from the director of public works of the city, trim any such trees, bushes or plants in accordance with the instructions contained in such notice."

◼ Assuming, arguendo, this ordinance placed a duty on the city as well as a property owner, the ordinance is not applicable here. The only duty imposed by this ordinance requires trimming a tree, bush or plant which has grown so as to extend over or under the sidewalk space or roadway. The ordinance does not require trimming or removal of a bush because it obscures visibility. This conclusion is supported by the fact that the city has another ordinance, Sec. 23–115 of the code, which does prohibit the private property owner of a corner lot from erecting or maintaining a fence, structure, object or planting in a defined area so as not to interfere with traffic visibility. This ordinance placed no duty on the city and the appellant does not contend that it does. The ordinance is set forth in this court's opinion in *Slavin v. City of Tucson*, 17 Ariz.App. 16, 495 P.2d 141 (1972).

Returning to the appellants' contention that the city's general duty to keep its streets reasonably safe for travel requires it to maintain unobstructed vision at intersections, we have held otherwise in *Hidalgo v. Cochise County*, 13 Ariz.App. 27, 474 P.2d 34 (1970). In *Hidalgo* the plaintiff sought to hold Cochise County liable for an intersection accident because Johnson grass growing in a ditch along the right-of-way obscured visibility at the county intersection. We held:

"The rule is that in the absence of a statute a highway authority is not liable for personal injuries because it has allowed the view of an intersection to be obscured by high grass, weeds or bushes which have grown up in a portion of the street or along its boundary. [citations omitted]

To rule otherwise would be to hold, literally, that hundreds of county road intersections are inherently dangerous and to impose an imponderable responsibility upon the counties." 13 Ariz.App. at 28, 474 P.2d 34.

We believe the same rule of law controls this case. It has also been applied to cities both by this court and by Division One of this court. *See Slavin v. City of Tucson, supra,* and *Jackson v. City of Scottsdale,* 127 Ariz. 53, 617 P.2d 1169 (App.1980). *Slavin* involved an uncontrolled intersection and the court held there is no duty on the city to maintain unobstructed view intersections or to regulate traffic at such an intersection by posting signs or in other ways. *Jackson, supra,* involved a controlled intersection and a six-foot wall constructed by the city. It was also claimed in *Jackson* that an ordinance similar to the Tucson City Code sections created a duty on the city. The court held, however, that since the intersection was controlled by a signal light, the safe movement of traffic was governed by the state statute requiring obedience to that signal. *See* A.R.S. §§ 28–644 and 28–645.

Contrary to appellants' argument, we find the recent opinion of our supreme court in *Beach, supra,* not in point since it involved a fallen tree obstructing a sidewalk which caused a pedestrian to leave the walkway.

The appellants argue that the opinion of their accident reconstructionist that the obscured visibility could have been a cause of the accident creates a fact question. A similar argument was rejected in *Jackson.* Both *Slavin* and *Jackson* turn on an absence of legal duty.

The appellants' further argument that the decision of our supreme court in *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982), by analogy, creates a duty owing motorists unobstructed visibility at intersections. *Ryan* abandoned previous law requiring that before one can recover for injury caused by the negligence of government there must be a specific duty owed to the individual victim. *Ryan* requires only that the governmental body owe a general duty to the public the violation of which causes the injury. This change in our law since *Ryan* is irrelevant to the decisions in *Slavin, Jackson* and the instant case because there is no general duty owed the public to maintain unobstructed visibility at intersections. Neither those cases nor the instant case turn on the general versus specific duty concept.

 As for the sand on Mormon Drive, that fact is also immaterial since no evidence shows that Christopher attempted to stop. It could not have been a proximate cause of the accident. Further, no evidence shows the city had notice of that condition. *See Spelbring v. Pinal County,* 135 Ariz. 493, 662 P.2d 458 (App.1983).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.