**612**

Donald ANDERSON, Theresa McGehee and Jerry McGehee, Appellants,

v.

ANDERSON COUNTY, Texas, The State of Texas, and Texas State Department of Highways and Public Transportation, Appellees.

No. 12–98–00299–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1999.

Rehearing Overruled Oct. 6, 1999.

John S. Morgan, Beaumont, for Appellants.

Patrick J. Hast, Tyler, for Appellee Anderson County.

Ronald E. Garner, Austin, for Appellee State of Texas.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

JIM WORTHEN, Justice.

Donald Anderson, Theresa McGehee and Jerry McGehee ("Appellants") filed suit against Appellees Anderson County, the State of Texas and the Texas State Department of Highways and Public Transportation (collectively "Appellees") under the Texas Tort Claims Act.[1] The trial court granted summary judgment for Appellees. Appellants allege in a single issue that the trial court erred in granting summary judgment because Appellees breached their duty to warn of a special defect or condition which obstructed Appellants' view of a stop sign. We will affirm.

## I. BACKGROUND

On April 5, 1997, Jerry McGehee was traveling north on Anderson County Road 420 in a pickup truck pulling a trailer. McGehee failed to stop at a stop sign before crossing the intersection of county road ("C.R.") 420 and farm-to-market road ("FM") 320. As he drove through the intersection of these two roads, a westbound car struck him. Alleging vegetation obscured the stop sign, Appellants filed suit against Appellees seeking to recover under the Texas Tort Claims Act for their injuries. Appellees sought summary judgment alleging that under the Texas Tort Claims Act, they were immune from prosecution because they owed Appellants no duty. The trial court granted summary judgment for Appellees without specifying the ground or grounds upon which it relied.

---

1. TEX. CIV. PRAC. & REM.CODE ANN., ch. 21 (Vernon 1997).

## II. STANDARD OF REVIEW

To prevail on a summary judgment motion, a movant must establish that no genuine issue about any material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995) (per curiam). The standard for reviewing a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746 (Tex.1999). A defendant who conclusively establishes all the elements of an affirmative defense, such as sovereign immunity, is entitled to a summary judgment. *Cathey*, 900 S.W.2d at 341; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *KPMG Peat Marwick*, 988 S.W.2d 746; *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. *Bradley v. State ex rel. White*, 990 S.W.2d 245 (Tex. 1999).

## III. APPELLEES' DUTY, IF ANY, TO APPELLANTS

In a single issue, Appellants argue that the trial court erred in granting summary judgment in favor of Appellees and dismissing all of their claims in their entirety with prejudice. They argue that summary judgment should have been denied because the overgrowth of vegetation on the right-of-way constituted a special defect because it obscured a stop sign at the intersection of C.R. 420 and FM 320, and because Appellees did not warn the driving public of the condition or malfunction of the stop sign as they were statutorily required to do. They further contend that Appellees breached their duty to warn of the stop sign that they allege was not visible due to the overgrowth of vegetation.

Duty is a threshold question in a tort case. To establish liability, Appellants must prove the existence and violation of a duty owed to them by Appellees. *City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex.1986). The existence of a duty is a question of law. *Mitchell v. Missouri–Kansas–Texas R.R. Co.*, 786 S.W.2d 659, 662 (Tex.1990).

The Texas Tort Claims Act provides that a governmental unit in this state is liable for "personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997).[2] The State, the Department and the County are all governmental units. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(Vernon Supp.1999). The general standard of care a governmental unit owes as an owner or occupier of realty is that owed to a licensee, *i.e.*, the duty not to injure the licensee through willful, wanton, or grossly negligent conduct. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1997); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997). Subsection (b), however, provides that this limitation of duty does not apply "to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets, or to the duty to warn of the absence, condition or malfunction of traffic signs, signals or warning devices as is required by section 101.060."[3] TEX. CIV.

---

**2.** All further section number references shall be to the edition of the Texas Tort Claims Act applicable at the time the summary judgment proceedings below were conducted.

**3.** Section 101.060 provides in relevant part:

PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1997).

## A. DUTY OF THE STATE AND DEPARTMENT

■ Neither the State nor the Department had any duty to the Appellants arising out of the alleged vegetation or overgrowth obscuring the stop sign at issue. The summary judgment evidence showed that the stop sign and the alleged overgrowth were located on the county right-of-way and not on the State's premises. County Road 420 was not part of the state highway system, and the State had not undertaken responsibility for trimming vegetation on the county right-of-way. Thus, even if the State or the Department had been given notice of the vegetation on the stop sign, neither was a "responsible governmental unit" under section 101.060, and thus, neither was obligated to warn of the alleged defect or condition under section 101.022(b). TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.022(b) and 101.060 (Vernon 1997).

## B. DUTY OF THE COUNTY

Accepting as true Appellants' assertion that the stop sign, which was erected on Anderson County's right of way, was covered by vegetation, we must determine whether the County owed Appellants any duty with regard to this hazard, and if so, whether that duty was violated. As explained below, the County will have owed Appellants a duty only if the vegetation-covered sign constituted a "special defect" or "condition" under section 101.022(b).

■ When a special defect exists, the responsible governmental unit owes users of a roadway a higher standard of care,

*i.e.*, that same duty to warn that a private landowner owes an invitee. *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). That duty is to either make the hazard reasonably safe or to adequately warn of the hazard. *Id.* A special defect is an excavation, obstruction, or some other condition which presents "an unexpected and unusual danger to ordinary users of roadways." *State Dep't of Highways & Public Transp. v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993) (per curiam) *quoting Payne* 838 S.W.2d at 238; *Stambaugh*, 894 S.W.2d 818 (Tex.App.—Tyler 1994, no writ). As we noted in *Stambaugh*, flooding that resulted from a temporary road repair was found to be a special defect, but ice on a bridge after a period of freezing, wet weather was not a special defect since an icy bridge is neither unexpected nor unusual under such weather conditions. *Stambaugh*, 894 S.W.2d at 820.

■ 1. The vegetation-covered stop sign was not a "special defect" under section 101.022(b). Liability issues stemming from vegetation-obstructed signs and roadways have been considered before by Texas courts. Nearly twenty years ago, in *Jezek v. City of Midland*, our supreme court touched upon the issue of a county's duty to clear or warn of vegetation that obstructed drivers' visibility. *Jezek*, 605 S.W.2d 544 (Tex.1980). In *Jezek*, the appellant, who was traveling northbound, was seriously injured when he nosed his truck partially into the intersection to determine whether any east-west bound vehicles were approaching. As he rolled into the intersection, his vehicle was struck by a fast-moving, eastbound vehicle. This ac-

(a) This chapter does not apply to a claim arising from:

...

   (2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning device **unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice;**

...

(b) The signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway.

   (c) This section does not apply to the duty to warn of special defects such as excavations or roadway obstructions.

TEX. CIV. PRAC. & REM.CODE ANN. 101.060 (Vernon 1997)(emphasis added).

cident occurred within the city limits of Midland, and the evidence showed that because of a heavy growth of mesquite trees, it was necessary for northbound drivers like the appellant to pull their vehicles into the intersection about half a car length to see east or westbound traffic. The evidence also showed that the city had been warned of this dangerous condition and accidents had occurred there before, but the city had taken no steps to clear the brush or warn of the danger. Following a jury trial in which the trial court rendered a take nothing judgment in favor of the city, the court of civil appeals upheld the trial court's decision. The supreme court reversed the lower court's judgment and found the city liable for failing to remove the obstruction or warn of its danger; it, however, distinguished the responsibilities of counties from those of municipalities stating:

> Four of these cases [cited by the city] are not in point because they involve suits against counties and not municipalities. *Bohm v. Racette*, 118 Kan. 670, 236 P. 811 (1925); *Goodaile v. Board of Comm'rs*, 111 Kan. 542, 207 P. 785 (1922); *Barton v. King County*, 18 Wash.2d 573, 139 P.2d 1019 (1943); *Hidalgo v. Cochise County*, 13 Ariz.App. 27, 474 P.2d 34 (1970). The rationale behind these cases is best stated in *Barton*. "To allow it (recovery) would be to hold, literally, that thousands of county road intersections are inherently dangerous. To so hold would impose an imponderable responsibility upon counties." 139 P.2d at 1021.
> We recognize the problem of imposing this type of duty on counties. It would be a rigorous burden indeed for a rural county in a state such as Texas to police and remove vegetation from roads when they cause visual obstruction. This, however, is not the case before us. Our case is based upon a theory of proprietary function of government. Counties in Texas have no proprietary functions and thus would have no duty in this area.

*Jezek*, 605 S.W.2d at 546–47. Thus, under *Jezek* it appears that the supreme court does not consider vegetation causing a visual obstruction on a rural county road to be a special defect. *Id.*

Since *Jezek*, other courts have addressed this question and have, for various reasons, likewise concluded that vegetation obstructing a motorist's view is not a special defect. *See Sipes v. Tex. Dep't of Transp.*, 949 S.W.2d 516, (Tex.App.—Texarkana 1997, writ denied)(tall vegetation that obstructs a motorist view of which government is unaware is a regular premises defect); *Hamric v. Kansas City S. R.R. Co.*, 718 S.W.2d 916 (Tex.App.—Beaumont 1986, writ ref'd, n.r.e.)(stating in dictum that "we do not, by this decision, place any duty or responsibility on Orange County or any county. Generally ... counties in our state do not have proprietary functions that would give rise to a duty or responsibility [to mow vegetation near intersections.]"); *Johnson v. Texas Dep't of Transp.*, 905 S.W.2d 394, 399 (Tex.App.—Austin 1995, no writ)(holding that "the obstruction of the *view* of the stop sign, as a result of vegetation and trees ... is not an obstruction on a highway," and is therefore not a special defect.). Given these authorities and the plain meaning of the statute, we agree that a vegetation-obstructed stop sign is not a special defect, *i.e.*, one in the nature of an excavation or obstruction on a road.

■ **2. The vegetation-covered stop sign was not a "condition" under sections 101.022(b) and 101.060(a)(2).** Having determined that the vegetation-covered sign was not a "special defect" under section 101.022(b), we must next determine whether it was a "condition," about which the County had a duty to warn. Two years after *Jezek* was decided, in *Lorig v. City of Mission*, 629 S.W.2d 699 (Tex. 1982), the supreme court addressed the issue of vegetation obstructing a stop sign within the city limits of a municipality. In that case, Lorig sued the City of Mission

for damages caused to his truck when it collided with another vehicle at an intersection controlled by a stop sign within the city limits. *Id.* Lorig alleged that he had failed to stop because he did not see the stop sign, which had been obstructed by trees and branches. The trial court granted the city summary judgment on grounds that Lorig had failed to comply with certain notice provisions under the city charter. The court of civil appeals affirmed the summary judgment on grounds that removal of obstructions from signs was a proprietary function and that Lorig had failed to give proper notice of his claim in accordance with the city's charter. In reversing the court of civil appeals, the supreme court stated that "[a] stop sign's obstruction from view by trees or branches is a 'condition' of that sign within the meaning of article 6252–19, section 14(12)."[4] *Lorig,* 629 S.W.2d at 701. Consequently, it held that if the city had prior notice of the obstruction and failed to rectify the condition within a reasonable time, it could be held liable under the Texas Tort Claims Act provided the city had proper notice of the claimant's injury under the Act. *Id.* Because the issue of notice was a fact question, the court reversed the summary judgment and remanded the case for a trial on the merits. *Id.*

While *Lorig* is determinative that in a municipality, a vegetation-obscured stop sign constitutes a "condition of ... traffic signs" as used in TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.022(b) and 101.060(a)(2), we do not believe that such a conclusion imposes a duty on the County to correct or warn of such a hazard under that statute. First, *Lorig* may be factually distinguished on grounds that it dealt with the condition of a traffic sign obstructed by vegetation within the city limits of a municipality; whereas, here, the obstruction occurred in a rural setting on a county road. Moreover, we think the restriction the supreme

court applied in *State Dep't of Highways & Public Transp. v. Payne* to determine what constitutes a special defect—one that poses "an unexpected and unusual danger to ordinary users of roadways"—is equally appropriate in determining what constitutes a "condition ... of a traffic or road sign" for which a warning is required under that same subsection of section 101.022. *Payne,* 838 S.W.2d at 237. Just as ice is not an unexpected or uncommon danger on bridges after a period of wet, freezing weather, heavy vegetation that impedes the visibility of traffic signs, while possibly uncommon within a city's limits, is neither uncommon nor unexpected in the springtime in rural East Texas. *See Kitchen,* 867 S.W.2d at 786. The summary judgment evidence at bar established that there were 1,257 miles of county road in Anderson County. To require counties, particularly those predominantly rural counties burdened with heavy vegetation, to continually be responsible for policing the overgrowth of vegetation which may obscure certain rural traffic signs on its roadways, even after notice, would "impose an imponderable responsibility upon counties." *Hamric,* 718 S.W.2d at 919–20. Thus, we hold that since vegetation-obscured traffic signs are not an uncommon or unexpected hazard in rural East Texas in the springtime, they are not a "condition," under section 101.060(a)(2), and Anderson County had no duty under section 101.022(b) to warn Appellants of the vegetation obstructing the stop sign.

## IV. CONCLUSION

Appellees having established their right to summary judgment as a matter of law, we overrule Appellants' sole point of error. The judgment of the trial court is *affirmed.*

---

4. Repealed by Acts 1985, 69th Leg., ch. 959, § 9(1), eff. Sept. 1, 1985, and codified as TEX. CIV. PRAC. & REM.CODE ANN. § 101.060.