NUMBER 13-06-044-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







COUNTY OF HIDALGO
, Appellant,


v.



RAMIRO ALEJANDRO III, ET AL., Appellees,





On appeal from the 206th District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION (1)



Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Castillo



 Appellant County of Hidalgo brings this interlocutory appeal (2) from the trial
court's judgment denying its plea to the jurisdiction on appellees' (collectively
"claimants") (3) claims. In two issues, the County asserts (1) no duty or breach of that
duty, and (2) no waiver of immunity. Because we conclude that the trial court's
subject matter jurisdiction was not invoked absent facts establishing a waiver of the
County's governmental immunity pursuant to the Texas Tort Claims Act, (4)
 we reverse
and render. 

I. BACKGROUND

 A traffic fatality occurred at the intersection of Mile 12 1/2 Road North and FM
88 in Hidalgo County. Motorist Perla Rodriguez stopped at the stop sign in place,
looked both ways before entering the intersection, and as she proceeded through the
intersection a drunk driver struck her vehicle. By their suit, the claimants pleaded the
following negligent acts and omissions: (1) the County placed the stop sign too far
from the intersection in question in violation of the Manual on Uniform Traffic Devices;
and (2) the County failed to clear obstructions that impeded the driver's view. The
County filed a plea to the jurisdiction on immunity grounds. The County maintained
it neither owned the easement in question nor had control over the placement of the
stop sign in question. The trial court denied the plea, and this appeal ensued. 

II. GOVERNMENTAL IMMUNITY

 The County argued in its plea to the jurisdiction that the trial court lacked
subject matter jurisdiction according to the doctrine of governmental immunity. A
defendant may challenge a court's subject matter jurisdiction by filing a plea to the
jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). If the
defendant is a governmental entity, it may file a plea on the basis of governmental
immunity. See, e.g., Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d
849, 853-55 (Tex. 2002); Bland Indep. Sch. Dist., 34 S.W.3d at 554. We revisit the
applicable law.

A. Plea to the Jurisdiction

 A plea to the jurisdiction is a dilatory plea used to defeat a cause of action
without regard to whether the claims asserted have merit. Bland Indep. Sch. Dist., 34
S.W.3d at 554. The plaintiff has the burden of alleging facts to affirmatively
demonstrate that the district court has jurisdiction. Tex. Dep't of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, the
defendant must show an incurable jurisdictional defect on the face of the pleadings,
making it impossible for the plaintiff to amend its petition in order to confer jurisdiction
on the district court. MAG-T, L.P. v. Travis Cent. Appraisal Dist., 161 S.W.3d 617,
624 (Tex. App.-Austin 2005, pet. denied). 

 We review a denial of a plea to the jurisdiction de novo. See Miranda, 133
S.W.3d at 226. We do not look at the merits of the case but construe the pleadings
liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings'
factual allegations as true. Tex. Ass'n of Bus., 852 S.W.2d at 446. If the pleadings
lack sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiffs should be afforded the opportunity to amend. County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend. Id. However, if a plea to the
jurisdiction challenges the existence of jurisdictional facts, we consider evidence
necessary to resolve the jurisdictional issues, just as the district court is required to do. 
See Miranda, 133 S.W.3d at 227 (citing Bland, 34 S.W.3d at 555). When the
jurisdictional challenge implicates the merits of the plaintiff's cause of action and the
plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence
to determine if a fact issue exists. Id. If the evidence shows a fact question regarding
the jurisdictional issue, the district court may not grant the plea to the jurisdiction. Id.
at 227-28. If the evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, then the district court rules on the plea to the jurisdiction as a
matter of law. Id. at 228.

 In Miranda, the Supreme Court recognized that a trial court's review of a plea
to the jurisdiction challenging the existence of jurisdictional facts "mirrors" that of a
traditional summary judgment. Id.; Tex. R. Civ. P. 166a(c). The Miranda Court
explained that, by requiring the state to meet the summary judgment standard of
proof, "we protect the plaintiffs from having to 'put on their case simply to establish
jurisdiction.'" Miranda, 133 S.W.3d at 228 (quoting Bland, 34 S.W.3d at 554). 
Under this procedure, the burden is on the defendant to put forth evidence establishing
as a matter of law that the trial court lacks subject-matter jurisdiction. Id.; Tex. R. Civ.
P. 166a(c). The burden then shifts to the plaintiff to demonstrate that there is a
disputed issue of material fact regarding the jurisdictional issue. Miranda, 133 S.W.3d
at 228. The defendant cannot simply deny the existence of jurisdictional facts and
force the plaintiff to raise a fact issue. See Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002); see also Brown, 80 S.W.3d at 555 ("In deciding a plea
to the jurisdiction, a court may not weigh the claims' merits but must consider only
the plaintiffs' pleadings and evidence pertinent to the jurisdictional inquiry."). 

B. The Law

 The parties do not dispute that the County is a "governmental unit" as defined
by the Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (Vernon 2005). As
a general rule, a governmental unit is immune from tort liability under the doctrine of
sovereign immunity. (5) See Harris County v. Dillard, 883 S.W.2d 166, 168 (Tex.
1994). The Texas Legislature has created exceptions to the doctrine of sovereign
immunity which are applicable under certain conditions. Id. Whether a particular claim
falls into an exception from the general doctrine of sovereign immunity is entirely
dependant on the statutory language. Dallas County Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). 

 The Texas Tort Claims Act provides that a governmental unit is liable for
"personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)
(Vernon 2005). The Act recognizes liability for two types of dangerous conditions of
real property-premises defects and special defects. Tex. Civ. Prac. & Rem. Code Ann.
§ 101.022 (Vernon 2005).

1. Premises Defect

 For a claim based on a premises defect, a governmental unit owes the claimant
the duty that a private person owes to a licensee on private property, unless the
claimant has paid for the use of the premises. Tex. Civ. Prac. & Rem. Code Ann.§
101.022(a) (Vernon Supp. 2006); State Dep't of Highways & Pub. Transp. v. Payne,
838 S.W.2d 235, 237 & n.1 (Tex. 1992) (op. on reh'g) (citing State v. Tennison, 509
S.W.2d 560, 562 (Tex. 1974)). That duty requires that a landowner not injure a
licensee by willful, wanton or grossly negligent conduct, and that the owner use
ordinary care either to warn the licensee of, or to make reasonably safe, a dangerous
condition of which the owner is aware and the licensee is not. Payne, 838 S.W.2d
at 237. The exception to this rule is that, where a licensor has actual knowledge of
a dangerous condition, and the licensee does not, the licensor then has the duty either
to warn the licensee or to make the condition reasonably safe. Id. For liability to arise
under the exception, the claimant must prove the State's actual knowledge of the
dangerous condition in question. See Tennison, 509 S.W.2d at 562. Constructive
knowledge of the danger is insufficient. Id.

2. Special Defect

 In the case of a special defect, a governmental unit owes the same duty as that
owed to an invitee by the owner or possessor of the premises. Payne, 838 S.W.2d
at 237; see Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b) (Vernon Supp. 2006). 
This duty includes the use of ordinary care to reduce or eliminate an unreasonable risk
of harm created by a premises condition of which the governmental entity was or
reasonably should have been aware. City of Grapevine v. Roberts, 946 S.W.2d 841,
843 (Tex. 1997) (per curiam). Whether a condition is a special defect is a matter of
law. Payne, 838 S.W.2d at 238. 

 Most property defects are premises defects, not special defects. City of San
Benito v. Cantu, 831 S.W.2d 416, 422 (Tex. App.-Corpus Christi 1992, no writ). In
general, tall vegetation that obstructs the view of a driver is considered to be a
premises defect, and not a special defect. Sipes v. Tex. Dep't of Transp., 949 S.W.2d
516, 521 (Tex. App.-Texarkana 1997, writ. denied). Texas courts reviewing "grass
on the side of the road" claims have consistently held that vegetation obscuring hidden
dangers does not constitute a special defect. See Anderson v. Anderson County, 6
S.W.3d 612, 615-16 (Tex. App.-Tyler 1999, pet denied) (holding vegetation on a
rural road covering a stop sign was not a special defect); Wildermuth v. Parker County,
1 S.W.3d 705, 708 (Tex. App.-Fort Worth 1999, no pet.) (holding trees and
vegetation along the side of the road not considered a special defect, even though they
obscured oncoming traffic); Johnson v. Tex. Dep't of Transp., 905 S.W.2d 394, 399
(Tex. App.-Austin 1995, no writ) (holding that vegetation obscuring a stop sign is not
a special defect). 

3. Duty

 Whether a condition is a premises defect or a special defect is a question of
duty that involves statutory interpretation and, thus, an issue of law for the court to
decide. See State v. Rodriguez, 985 S.W.2d 83, 85-86 (Tex. 1999) (per curiam)
(concluding that the appellate "court erroneously failed to apply sections 101.056 and
101.060 [of the Act] to the facts of this case" and deciding that the condition was not
a "special defect as a matter of law"); Johnson, 905 S.W.2d at 399. In order to
predicate a duty on either theory, it is necessary to determine whether the County
owned, occupied, or controlled the premises where the fatal accident occurred. See
Vela v. Cameron County, 703 S.W.2d 721, 723 (Tex. App.-Corpus Christi 1985, writ
ref'd. n.r.e.). Vegetation obstructing the view of a stop sign is a "condition" of that
sign within the meaning of the Act. See Lorig v. City of Mission, 629 S.W.2d 699,
701 (Tex. 1982) (per curiam). But, the governmental unit is not liable for a condition
of property at the intersection if it neither owned nor controlled the property. See City
of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986). Further, a county has no duty
to police and remove naturally occurring vegetation from roads when they cause visual
obstruction. Jezek v. City of Midland, 605 S.W.2d 544, 546-47 (Tex. 1980). 

4. Discretionary Powers

 The Act does not apply to a claim based on the failure of a governmental unit
to perform an act that the unit is not required by law to perform. Tex. Civ. Prac. &
Rem. Code Ann. §101.056(1) (Vernon 2005); State v. Gonzalez, 82 S.W.3d 322, 326-27 (Tex. 2002). The Act also does not apply to a governmental unit's decision not to
perform an act or on its failure to make a decision on the performance or
nonperformance of an act if the law leaves the performance or nonperformance of the
act to the discretion of the governmental unit. Tex. Civ. Prac. & Rem. Code Ann.
§101.056(2) (Vernon 2005); see Tex. Dep't Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002) (per curiam) (citing State v. Miguel, 2 S.W.3d 249, 251 (Tex. 1999)
(holding that decisions about highway design and about what type of safety features
to install are discretionary policy decisions that are protected by sovereign immunity));
State, 985 S.W.2d at 85. 

III. SUBJECT MATTER JURISDICTION

 By its first issue, the County asserts that the trial court lacks subject matter
jurisdiction over the claims alleged in the live pleading because the County did not own
the premises and thus did not owe or breach any duty to the claimants. The County
asserts that the claims are not within the scope of the Act and there has been no
waiver of its sovereign immunity. By its second issue, the County asserts that the trial
court improperly denied the plea to the jurisdiction because the pleading affirmatively
establishes an absence of jurisdiction and the pleading defect is incurable. We will
consider the issues together.

A. Standard of Review

 We review statutory construction matters de novo. Gonzalez, 82 S.W.3d at
327. As stated above, we also review a denial of a plea to the jurisdiction de novo. 
See Miranda, 133 S.W.3d at 226.

B. Stop Sign Placement - A Discretionary Act

 The claimants attempt to impose liability on the County for placement of the
stop sign and inadequate maintenance to clear vegetation that obstructed the view of
the road. With respect to the placement of the stop sign, they rely on the Texas
Manual on Uniform Traffic Control Devices for their claim that the sign was not
positioned within the manual's limits. However, the provisions in the manual are not
mandatory. See State Dep't of Highways & Pub. Transp. v. King, 808 S.W.2d 465,
466 (Tex. 1991) (per curiam); Tex. Dep't of Transp. v. Andrews, 155 S.W.3d 351,
359 (Tex. App.-Fort Worth 2004, pet. denied). The statute authorizing
implementation of the Texas Manual indicates that the Texas Department of
Transportation may implement the standards imposed therein. Andrews, 155 S.W.3d
at 359 (quoting Tex. Transp. Code Ann. § 544.002 (Vernon 1999)). Thus, assuming
without deciding that the Texas Manual applies to the County, any decision to alter the
guidelines set forth in the manual was discretionary. See id. (citing King, 808 S.W.2d
at 466). We conclude that, even if the County had control over the stop sign, any
alleged failure by the County to comply with the Texas Manual on Uniform Traffic
Control Devices did not result in a waiver of immunity because placement of a stop
sign is discretionary. Id.; Tex. Civ. Prac. & Rem. Code §101.056(2) (Vernon 2005);
see Tex. Civ. Prac. & Rem. Code §101.060(a)(1) (Vernon 2005). (6) Thus, even
assuming the County had control over placement of the sign, the pleading does not
demonstrate that sign placement in the circumstances presented is anything other than
discretionary. See Tex. Civ. Prac. & Rem. Code §101.056(2); Ramirez, 74 S.W.3d at
867; Miguel, 2 S.W.2d at 463-64. Consequently, the County retains immunity for the
alleged failure to implement the manual's specifications, a discretionary sign-placement
function. See Gonzalez, 82 S.W.3d at 326-27. 

C. Negligent Maintenance

 The claimants attempt to impose liability by alleging that the County negligently
maintained the premises at or around the intersection in question because the driver's
view was obstructed by overgrown vegetation. The record does not demonstrate that
the County owned, occupied, or controlled the complained-of premises. Because the
complained-of hazard-overgrown vegetation in its naturally occurring state-was not
located on "premises" the County owned, occupied, or controlled, the County owed
no legal duty to warn of the dangers off its premises. See Vela, 703 S.W.2d at 723;
see also Anderson, 6 S.W.3d at 617; Jezek, 605 S.W.2d at 546-47. 

D. Notice

 We further observe that the County also asserts that its immunity has not been
waived under the Act because it did not have actual or constructive knowledge that
the stop sign was not properly placed and that the claimed obstructions existed. The
County further asserts that it is not reasonably possible to inspect every easement at
all times for problems. Even assuming that the County had a duty to warn, the record
does not demonstrate that the County had actual notice of the ill-positioned stop sign
and obstructing vegetation. Tex. Civ. Prac. & Rem. Code Ann. §101.060(a)(3) (Vernon
2005); see Gonzalez, 82 S.W.3d at 330; Sipes, 949 S.W.2d at 521(finding no
evidence of governmental unit's knowledge of obscured view and thus no liability for
vegetation blocking view of motorist). Consequently, the Act does not waive the
County's immunity in this case. 

E. Disposition

 In the light most favorable to the claimants' live pleading, we must decide
whether governmental immunity is waived with respect to the County's decision on
where to set the stop sign-a discretionary act involving safety features-or the
County's duty to maintain the right-of-way so growing vegetation did not create safety
issues-a condition or use of the property. See Tex. Dep't Transp. v. Pate, 170
S.W.3d 840, 844 (Tex. App.-Texarkana 2005, pet. filed). We conclude that the
claimants did not plead jurisdictional facts which conferred proper subject matter
jurisdiction because the acts complained of were discretionary and, even if not
discretionary, did not fall within the Act because duty is not established. Thus, we
conclude that the claimants did not establish a waiver of the County's immunity under
the Act. Consequently, the trial court was without subject-matter jurisdiction over the
claims and improperly denied the County's plea based on governmental immunity. Generally, litigants are permitted to amend to cure pleading defects when the
pleadings do not allege sufficient jurisdictional facts. See Texas Ass'n of Bus., 852
S.W.2d at 446; City of Midland v. Sullivan, 33 S.W.3d 1, 7 (Tex. App.-El Paso 2000,
pet. denied). Here, however, there is no pleading defect; rather, the pleading and the
County's evidence affirmatively show that all complaints concern discretionary
decisions for which the County retains immunity from suit under section 101.056 of
the Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2) (Vernon 2005); Miguel,
2 S.W.3d at 251; Rodriguez, 985 S.W.2d at 85. Because it is not possible for the
claimants to amend their pleadings to invoke jurisdiction, their suit must be dismissed. 
See Sullivan, 33 S.W.3d at 7. We sustain the County's two issues presented. 
Accordingly, we reverse the denial of the plea to the jurisdiction and render judgment
to dismiss the claimants' action for lack of subject-matter jurisdiction. 

V. CONCLUSION

 We reverse the judgment entered and render judgment dismissing the case for
lack of jurisdiction. 


 ERRLINDA CASTILLO

 Justice




Memorandum Opinion delivered and filed

this 12th day of October, 2006.

 
1. See Tex. R. App. P. 47.1, 47.4.
2. Appellate courts have jurisdiction over appeals from interlocutory orders only if expressly
provided by statute. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). The
Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge
to subject matter jurisdiction, irrespective of the procedural vehicle used. Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2006); Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004). 
Section 51.014 must "be strictly construed as 'a narrow exception to the general rule that only final
judgments and orders are appealable.'" Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex.
2001) (quoting Montgomery County v. Fuqua, 22 S.W.3d 662, 665 (Tex. App.-Beaumont 2000, pet.
denied)). 
3. Appellees, the survivors of the motorist and passenger in the vehicle involved in a fatal
vehicular accident on a rural road, are Ramiro Alejandro III, Lucila Rodriguez, and Amadeo Rodriguez,
individually and as representatives of the estate of Perla Ruby Rodriguez, Jose de Jesus Diaz, and
Margarita Diaz, individually and as representatives of the estate of Jesus Diaz, Jr.
4. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005) ("the Act").

5. Section 101.025 of the Tort Claims Act establishes the following threshold premise: a
governmental unit has sovereign immunity to suit and waives that immunity only if liability arises under
the Act. See Poncar v. City of Mission, 797 S.W.2d 236, 239 (Tex. App.-Corpus Christi 1990, no
writ). According to the Supreme Court, the statute does not create new duties, but simply waives the
common-law doctrine of governmental immunity for the instances specified in the statute. City of
Denton v. Van Page, 701 S.W.2d 831, 835 (Tex. 1986). Van Page clarifies that a plaintiff must prove
the existence and violation of a legal duty in order to impose liability under the Act, and in the absence
of this showing, a governmental entity's sovereign immunity remains intact. Id., see San Benito v.
Cantu, 831 S.W.2d 416, 420 (Tex. App.-Corpus Christi 1992, no pet.). 
6. In subsection (a)(1) of section 101.060 of the Act, the Legislature expressed its intent that
a governmental unit remains immune for an initial placement decision which was the result of a
discretionary act. See City of Grapevine v. Sipes, 195 S.W.3d 689, 693 (Tex. 2006).