

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-237-CV

THE CITY OF WICHITA FALLS                                    APPELLANT

V.

MARY E. ROMM                                                 APPELLEE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant The City of Wichita Falls ("the City") appeals the trial court's order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008). In seven issues, the City argues that the trial court erred by denying its plea to the jurisdiction because Appellee Mary E. Romm did not establish a waiver of the City's governmental immunity under the

---

[1] *See* Tex. R. App. P. 47.4.

Texas Tort Claims Act ("TTCA"). *See id.* §§ 101.001–.109. We will reverse the trial court's order and render judgment dismissing Romm's suit for lack of subject matter jurisdiction.

## II. BACKGROUND

Romm alleged in her first amended original petition that on or about September 21, 2006, she was "operating her 2000 Honda motorcycle traveling eastbound on the highway exit ramp and entering in the 1000 block of Sixth Street" in Wichita Falls when Samantha Angeles, who was "operating her 1998 Toyota Tacoma eastbound in the 1000 block of Sixth Street," "[s]uddenly, and without warning, . . . entered merged [sic] into the lane [in] which [Romm] was traveling and struck [Romm's] motorcycle." According to Romm, at the time of the incident, the City was responsible for the road signs posted on the highways and streets of Wichita Falls, and "the road sign directing the lanes of travel for both the eastbound traffic and the oncoming traffic from the highway exit ramp was not properly placed and maintained to direct the public to maintain their lane of travel." Romm averred that the improperly maintained road sign was an "unreasonably dangerous condition" on the roadway and that the City had actual or constructive knowledge of its improper placement and maintenance; had failed to warn of the existence of the condition; had previously undertaken the duty to properly position the sign; and was negligent

2

in failing to properly maintain, inspect, repair, or replace the sign. Romm alleged that the City was also negligent for leaving the sign turned in the wrong direction and for failing to discover and correct the sign's condition within a reasonable time. Romm allegedly suffered injuries as a direct and proximate result of the City's negligence, and she brought the suit "pursuant to § 101.060(a)(2)" of the civil practice and remedies code, expressly complaining of the "condition" of the sign.

The City filed its plea to the jurisdiction, arguing that at the time of the incident, the Texas Department of Transportation ("TxDOT"), not the City, had exclusive control over the Sixth Street exit ramp and "signage" and that the City had not entered into any contract with TxDOT "concerning the City accepting, sharing, or participating in the maintenance or control of the 6th Street exit ramp or the street signs on the 6th Street exit ramp." The trial court denied the plea, and this appeal followed.

### III. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226

(Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The determination of whether a trial court has subject matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh'g). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *See Bland ISD*, 34 S.W.3d at 555. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28; *Bland ISD*, 34 S.W.3d at 555. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227–28; *Bland ISD*, 34 S.W.3d at 555. This standard mirrors our review of summary judgments, and we

therefore take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

## IV. DUTY

In its first issue, the City argues that it was not a possessor of the premises where the incident occurred because it did not own or exercise control over the highway exit ramp or the ramp's street sign identified in Romm's pleading. The City contends that its jurisdictional evidence shows that TxDOT controlled the Sixth Street exit ramp and "signage" when the incident occurred and that the City did not enter into any contract with TxDOT evidencing the City's control over the premises. The City thus argues that it owed no legal duty to Romm regarding the alleged complained-of dangerous condition of the sign.[2]

A plaintiff relying on the TTCA "must prove the existence and violation of a legal duty owed him by the defendant." *City of Denton v. Page*, 701 S.W.2d 831, 834 (Tex. 1986) (describing duty as a "threshold issue");

---

[2] At the hearing on its plea to the jurisdiction, the City characterized Romm's claim complaining of the condition of the sign as only a premises defect claim. The City makes the same characterization in its first issue. Romm did not contest this characterization at trial, nor does she contest it here on appeal.

5

*Anderson v. Anderson County*, 6 S.W.3d 612, 614 (Tex. App.—Tyler 1999, pet. denied) ("Duty is a threshold question in a tort case."); *Dominguez v. City of Fort Worth*, No. 02-06-00196-CV, 2008 WL 623583, at *2 (Tex. App.—Fort Worth Mar. 6, 2008, pet denied) (mem. op.) ("If a plaintiff fails to prove the existence and violation of a legal duty sufficient to impose liability under the [TTCA], sovereign immunity remains intact."). The existence of a duty is a question of law. *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 572 (Tex. 2005).

The TTCA waives governmental immunity for personal injury or death caused by a condition or use of tangible personal or real property under circumstances where a private person similarly situated would be liable. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(a) (Vernon 2005); *see id*. § 101.022 (Vernon Supp. 2009) (identifying duties owed). Section 101.060(a)(2), which Romm alleged to have brought her suit "pursuant to," is a limitation on a governmental unit's waiver of immunity, retaining immunity for claims arising from "the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected *by the responsible governmental unit* within a reasonable time after notice." *Id*. § 101.060(a)(2) (emphasis added); *see Tex. Dep't of Transp. v. Garza*, 70

S.W.3d 802, 806 (Tex. 2002); *see also City of Grapevine v. Sipes*, 195 S.W.3d 689, 692 (Tex. 2006).

Ordinarily, a person who does not own the real property must assume control over and responsibility for the premises before there will be liability for a dangerous condition existing on the real property. *Page*, 701 S.W.2d at 835; *see Wilson v. Tex. Parks and Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) ("As a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed — that is, owned, occupied, or controlled — the premises where the injury occurred."). The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it.[3] *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *Carter v. City of Galveston*, No. 01-07-01010-CV, 2008 WL 4965351, at *2–3 (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) ("In both a regular premises defect case and a special defect case, the duty of care 'arises only for an occupier with control of the premises.'") (citing *Gunn v. Harris*

---

[3] The court in *Page* noted two exceptions: when one creates a dangerous condition and when one agrees to make safe a known dangerous condition. *Page*, 701 S.W.2d at 835.

*Methodist Affiliated Hosps.*, 887 S.W.2d 248, 251 (Tex. App.—Fort Worth 1994, writ denied).

Here, the City included in its jurisdictional evidence the affidavits of Mark Beauchamp and Lydia Ozuna. Beauchamp stated in his affidavit that he is the Traffic Superintendent for the City; that he is in charge of and supervises the City's streets, street signs, and streetlights; and that the street sign and highway exit ramp cited in Romm's petition "were owned and controlled by [TxDOT]." Beauchamp also stated the following:

> The [City] did not own or control the property or sign on or before September 21, 2006. I have no knowledge of any contract between the [City] and TxDOT that would allow the City to accept, share, or participate in the maintenance or control of street signs on the Sixth Street overpass exit on or prior to September 21, 2006. I nor anyone I know at the [City] thought of or treated the Sixth Street overpass exit and street signs as City property. The property was always recognized by the [City] as belonging to TxDOT and being under the control of TxDOT.

Ozuna stated in her affidavit that she is the City Clerk for the City; that she is the records retention officer for the City; that she researched all City ordinances and resolutions prior to September 21, 2006; and that the City "did not enter into any contract with [TxDOT], or any other governmental entity, that involved the [C]ity accepting, sharing, or participating in the maintenance or control of the 6th Street exit ramp or of any street sign on the 6th Street exit ramp."

8

The City's jurisdictional evidence thus shows that, at the time of the incident, TxDOT, not the City, owned the sign and exit ramp that Romm complains of in her amended petition and that the City did not exercise any control—either through maintenance or by contract—over the sign and exit ramp.

Romm argued at the hearing on the City's plea that the City had exercised control over the sign, but she did not submit any jurisdictional evidence in response to the City's plea to support that contention, and she even acknowledged at the hearing that she had no proof to support her allegation.[4] Romm argues on appeal that the City has the right to control the sign and exit ramp under transportation code section 311.001, which states that a local authority may "improve a public highway, street, or alley of the municipality," and section 544.003, which states that a local authority may "designate an intersection on a highway under its jurisdiction as a stop intersection or a yield intersection and place a sign at one or more entrances to the intersection." *See* Tex. Transp. Code Ann. § 311.001(b)(3) (Vernon Supp. 2009),

---

[4] Romm states in her brief that she "has obtained proof from [TxDOT] employees that, in fact, the City of Wichita Falls is responsible for the sign in question." This allegation (1) contains no support in the record and (2) nonetheless, constitutes no evidence of control. *See Cameron County v. Velasquez*, 668 S.W.2d 776, 780 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) (recognizing that ownership is not synonymous with control).

§ 544.003(b)(2) (Vernon 1999).  But the mere existence of these statutes, which *authorize* action, does not controvert the City's jurisdictional evidence demonstrating that the City did not exercise control over the sign or exit ramp.

Romm put forth no evidence raising a fact question in regard to the City's jurisdictional evidence that it exercised or assumed no control over the sign or exit ramp.  *See Brown*, 80 S.W.3d at 556.  Because the jurisdictional evidence demonstrates that the City did not have control over the sign or exit ramp, it did not owe Romm a duty of care to remedy any alleged dangerous condition of the sign or exit ramp.[5]  *See Page*, 701 S.W.2d at 834; *see also Brown*, 80 S.W.3d at 556.  Accordingly, taking as true all evidence favorable to Romm and indulging every reasonable inference and resolving any doubts in her favor, we hold that Romm failed to assert a claim sufficient to invoke a waiver of the City's governmental immunity under the TTCA.[6]  *See* Tex. Civ. Prac. & Rem.

---

[5] Romm does not argue that the City created the alleged dangerous condition or agreed to make the known condition safe.  *See Page*, 701 S.W.2d at 835.

[6] To the extent that Romm's response to the City's second issue can be construed as contending that the sign is a special defect, the City would not have waived immunity under the TTCA for that claim because, among other reasons, it owed Romm no duty.  Romm does not contend that she alleged a waiver of the City's governmental immunity under any other provision of the TTCA.  *See City of Midland v. Sullivan*, 33 S.W.3d 1, 7 (Tex. App.—El Paso 2000, pet. dismissed w.o.j.) (identifying three specific areas of liability for which immunity under the TTCA is waived—use of publicly owned vehicles or other motor-driven equipment, a condition or use of personal property, and a

10

Code Ann. §§ 101.021(a), 101.060(a)(2); *Page*, 701 S.W.2d at 834.  We

sustain the City's first issue.[7]

## V.  CONCLUSION

We reverse the trial court's order denying the City's plea to the

jurisdiction and render judgment dismissing Romm's suit against the City for

lack of subject matter jurisdiction.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  February 18, 2010

---

condition of real property (premises liability)).

[7] Having sustained the City's first issue, and in light of the other arguments and issues before us, we need not address the City's remaining six issues.  *See* Tex. R. App. P. 47.1.