COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-237-CV

 

 

THE CITY OF WICHITA FALLS                                               APPELLANT

 

                                                   V.

 

MARY E. ROMM                                                                    APPELLEE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
The City of Wichita Falls (Athe City@)
appeals the trial court=s order denying its plea to the
jurisdiction.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 51.014(a)(8) (Vernon
2008).  In seven issues, the City argues
that the trial court erred by denying its plea to the jurisdiction because
Appellee Mary E. Romm did not establish a waiver of the City=s
governmental immunity under the Texas Tort Claims Act (ATTCA@).  See id. '' 101.001B.109.  We will reverse the trial court=s order
and render judgment dismissing Romm=s suit
for lack of subject matter jurisdiction.

II.  Background








Romm
alleged in her first amended original petition that on or about September 21,
2006, she was Aoperating her 2000 Honda
motorcycle traveling eastbound on the highway exit ramp and entering in the
1000 block of Sixth Street@ in
Wichita Falls when Samantha Angeles, who was Aoperating
her 1998 Toyota Tacoma eastbound in the 1000 block of Sixth Street,@ A[s]uddenly,
and without warning, . . . entered merged [sic] into the lane [in] which [Romm]
was traveling and struck [Romm=s]
motorcycle.@ 
According to Romm, at the time of the incident, the City was responsible
for the road signs posted on the highways and streets of Wichita Falls, and Athe road
sign directing the lanes of travel for both the eastbound traffic and the
oncoming traffic from the highway exit ramp was not properly placed and
maintained to direct the public to maintain their lane of travel.@  Romm averred that the improperly maintained
road sign was an Aunreasonably dangerous condition@ on the
roadway and that the City had actual or constructive knowledge of its improper
placement and maintenance; had failed to warn of the existence of the
condition; had previously undertaken the duty to properly position the sign;
and was negligent in failing to properly maintain, inspect, repair, or replace
the sign.  Romm alleged that the City was
also negligent for leaving the sign turned in the wrong direction and for
failing to discover and correct the sign=s
condition within a reasonable time.  Romm
allegedly suffered injuries as a direct and proximate result of the City=s negligence,
and she brought the suit Apursuant to ' 101.060(a)(2)@ of the
civil practice and remedies code, expressly complaining of the Acondition@ of the
sign.

The City
filed its plea to the jurisdiction, arguing that at the time of the incident,
the Texas Department of Transportation (ATxDOT@), not
the City, had exclusive control over the Sixth Street exit ramp and Asignage@ and
that the City had not entered into any contract with TxDOT Aconcerning
the City accepting, sharing, or participating in the maintenance or control of
the 6th Street exit ramp or the street signs on the 6th Street exit ramp.@  The trial court denied the plea, and this
appeal followed.

III.  Standard of Review








A plea
to the jurisdiction is a dilatory plea, the purpose of which is to defeat a
cause of action without regard to whether the claims asserted have merit.  Bland ISD v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Whether the trial court has
subject matter jurisdiction is a question of law that we review
de novo.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Natural Res. Conservation Comm=n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).








The
determination of whether a trial court has subject matter jurisdiction begins
with the pleadings.  Miranda, 133
S.W.3d at 226.  The plaintiff has the
burden to plead facts affirmatively showing that the trial court has
jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the pleader, look to the pleader=s
intent, and accept as true the factual allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.CFort
Worth 2004, pet. denied) (op. on reh=g).  If a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issues raised.  See Bland ISD, 34 S.W.3d at 555.  If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea
to the jurisdiction, and the fact issue will be resolved by the
factfinder.  Miranda, 133 S.W.3d
at 227B28; Bland
ISD, 34 S.W.3d at 555.  But if the
relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as
a matter of law.  Miranda, 133
S.W.3d at 227B28; Bland ISD, 34
S.W.3d at 555.  This standard mirrors our
review of summary judgments, and we therefore take as true all evidence
favorable to the nonmovant, indulging every reasonable inference and resolving
any doubts in the nonmovant=s
favor.  City of El Paso v. Heinrich,
284 S.W.3d 366, 378 (Tex. 2009).

IV.  Duty

In its
first issue, the City argues that it was not a possessor of the premises where
the incident occurred because it did not own or exercise control over the
highway exit ramp or the ramp=s street
sign identified in Romm=s pleading.  The City contends that its jurisdictional
evidence shows that TxDOT controlled the Sixth Street exit ramp and Asignage@ when
the incident occurred and that the City did not enter into any contract with
TxDOT evidencing the City=s control over the
premises.  The City thus argues that it
owed no legal duty to Romm regarding the alleged complained-of dangerous
condition of the sign.[2]








A
plaintiff relying on the TTCA Amust
prove the existence and violation of a legal duty owed him by the defendant.@  City of Denton v. Page, 701 S.W.2d
831, 834 (Tex. 1986) (describing duty as a Athreshold
issue@); Anderson
v. Anderson County, 6 S.W.3d 612, 614 (Tex. App.CTyler
1999, pet. denied) (ADuty is a threshold question in
a tort case.@); Dominguez v. City of Fort
Worth, No. 02-06-00196-CV, 2008 WL 623583, at *2 (Tex. App.CFort
Worth Mar. 6, 2008, pet denied) (mem. op.) (AIf a
plaintiff fails to prove the existence and violation of a legal duty sufficient
to impose liability under the [TTCA], sovereign immunity remains intact.@).  The existence of a duty is a question of
law.  Military Highway Water Supply
Corp. v. Morin, 156 S.W.3d 569, 572 (Tex. 2005).








The TTCA
waives governmental immunity for personal injury or death caused by a condition
or use of tangible personal or real property under circumstances where a
private person similarly situated would be liable.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(a)
(Vernon 2005); see id. ' 101.022
(Vernon Supp. 2009) (identifying duties owed). 
Section 101.060(a)(2), which Romm alleged to have brought her suit Apursuant
to,@ is a
limitation on a governmental unit=s waiver
of immunity, retaining immunity for claims arising from Athe
absence, condition, or malfunction of a traffic or road sign, signal, or
warning device unless the absence, condition, or malfunction is not corrected by
the responsible governmental unit within a reasonable time after notice.@  Id. ' 101.060(a)(2)
(emphasis added); see Tex. Dep=t of
Transp. v. Garza, 70 S.W.3d 802, 806 (Tex. 2002); see also
City of Grapevine v. Sipes, 195 S.W.3d 689, 692 (Tex. 2006).








Ordinarily,
a person who does not own the real property must assume control over and responsibility
for the premises before there will be liability for a dangerous condition
existing on the real property.  Page,
701 S.W.2d at 835; see Wilson v. Tex. Parks and Wildlife Dep=t, 8
S.W.3d 634, 635 (Tex. 1999) (AAs a
rule, to prevail on a premises liability claim a plaintiff must prove that the
defendant possessedCthat is, owned, occupied, or
controlledCthe premises where the injury
occurred.@).  The relevant inquiry is whether the defendant
assumed sufficient control over the part of the premises that presented the
alleged danger so that the defendant had the responsibility to remedy it.[3]  County of Cameron v. Brown, 80 S.W.3d
549, 556 (Tex. 2002); Carter v. City of Galveston, No. 01-07-01010-CV,
2008 WL 4965351, at *2B3 (Tex. App.CHouston
[1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (AIn both
a regular premises defect case and a special defect case, the duty of care >arises
only for an occupier with control of the premises.=@)
(citing Gunn v. Harris Methodist Affiliated Hosps., 887 S.W.2d 248, 251
(Tex. App.CFort Worth 1994, writ denied).

Here,
the City included in its jurisdictional evidence the affidavits of Mark
Beauchamp and Lydia Ozuna.  Beauchamp
stated in his affidavit that he is the Traffic Superintendent for the City;
that he is in charge of and supervises the City=s
streets, street signs, and streetlights; and that the street sign and highway
exit ramp cited in Romm=s petition Awere
owned and controlled by [TxDOT].@  Beauchamp also stated the following:

The [City] did not own or control the property or sign on or before
September 21, 2006.  I have no knowledge
of any contract between the [City] and TxDOT that would allow the City to
accept, share, or participate in the maintenance or control of street signs on
the Sixth Street overpass exit on or prior to September 21, 2006.  I nor anyone I know at the [City] thought of
or treated the Sixth Street overpass exit and street signs as City
property.  The property was always
recognized by the [City] as belonging to TxDOT and being under the control of
TxDOT.

 

Ozuna
stated in her affidavit that she is the City Clerk for the City; that she is
the records retention officer for the City; that she researched all City
ordinances and resolutions prior to September 21, 2006; and that the City Adid not
enter into any contract with [TxDOT], or any other governmental entity, that
involved the [C]ity accepting, sharing, or participating in the maintenance or
control of the 6th Street exit ramp or of any street sign on the 6th Street
exit ramp.@








The City=s
jurisdictional evidence thus shows that, at the time of the incident, TxDOT,
not the City, owned the sign and exit ramp that Romm complains of in her
amended petition and that the City did not exercise any controlCeither
through maintenance or by contractCover the
sign and exit ramp.













Romm
argued at the hearing on the City=s plea
that the City had exercised control over the sign, but she did not submit any
jurisdictional evidence in response to the City=s plea
to support that contention, and she even acknowledged at the hearing that she
had no proof to support her allegation.[4]  Romm argues on appeal that the City has the
right to control the sign and exit ramp under transportation code section
311.001, which states that a local authority may Aimprove
a public highway, street, or alley of the municipality,@ and
section 544.003, which states that a local authority may Adesignate
an intersection on a highway under its jurisdiction as a stop intersection or a
yield intersection and place a sign at one or more entrances to the
intersection.@ 
See Tex. Transp. Code Ann. ' 311.001(b)(3)
(Vernon Supp. 2009), ' 544.003(b)(2) (Vernon
1999).  But the mere existence of these
statutes, which authorize action, does not controvert the City=s
jurisdictional evidence demonstrating that the City did not exercise control
over the sign or exit ramp.   Romm put
forth no evidence raising a fact question in regard to the City=s
jurisdictional evidence that it exercised or assumed no control over the sign
or exit ramp.  See Brown, 80
S.W.3d at 556.  Because the
jurisdictional evidence demonstrates that the City did not have control over
the sign or exit ramp, it did not owe Romm a duty of care to remedy any alleged
dangerous condition of the sign or exit ramp.[5]  See Page, 701 S.W.2d at 834; see
also Brown, 80 S.W.3d at 556.  Accordingly,
taking as true all evidence favorable to Romm and indulging every reasonable
inference and resolving any doubts in her favor, we hold that Romm failed to
assert a claim sufficient to invoke a waiver of the City=s
governmental immunity under the TTCA.[6]  See Tex. Civ. Prac. & Rem. Code
Ann. '' 101.021(a),
101.060(a)(2); Page, 701 S.W.2d at 834. 
We sustain the City=s first
issue.[7]

V.  Conclusion

We
reverse the trial court=s order denying the City=s plea
to the jurisdiction and render judgment dismissing Romm=s suit
against the City for lack of subject matter jurisdiction.

 

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and
MEIER, JJ.

 

DELIVERED:  February 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]At the hearing on its
plea to the jurisdiction, the City characterized Romm=s claim complaining of
the condition of the sign as only a premises defect claim.  The City makes the same characterization in
its first issue.  Romm did not contest
this characterization at trial, nor does she contest it here on appeal.





[3]The court in Page noted
two exceptions:  when one creates a
dangerous condition and when one agrees to make safe a known dangerous
condition.  Page, 701 S.W.2d at
835.





[4]Romm states in her brief
that she Ahas obtained proof from
[TxDOT] employees that, in fact, the City of Wichita Falls is responsible for
the sign in question.@  This allegation (1) contains no support in
the record and (2) nonetheless, constitutes no evidence of control.  See Cameron County v. Velasquez, 668
S.W.2d 776, 780 (Tex. App.CCorpus Christi 1984, writ ref=d n.r.e.) (recognizing
that ownership is not synonymous with control).





[5]Romm does not argue that
the City created the alleged dangerous condition or agreed to make the known
condition safe.  See Page, 701
S.W.2d at 835.





[6]To the extent that Romm=s response to the City=s second issue can be
construed as contending that the sign is a special defect, the City would not
have waived immunity under the TTCA for that claim because, among other
reasons, it owed Romm no duty.  Romm does
not contend that she alleged a waiver of the City=s governmental immunity
under any other provision of the TTCA.  See
City of Midland v. Sullivan, 33 S.W.3d 1, 7 (Tex. App.CEl Paso 2000, pet.
dismissed w.o.j.) (identifying three specific areas of liability for which
immunity under the TTCA is waivedCuse of publicly owned vehicles or other
motor-driven equipment, a condition or use of personal property, and a
condition of real property (premises liability)).





[7]Having sustained the City=s first issue, and in
light of the other arguments and issues before us, we need not address the City=s remaining six
issues.  See Tex. R. App. P. 47.1.